Our next case is 1848-19, United States v. Antwan Heyward. And Ms. Harrell? Yes, Your Honor. Good to have you with us. Thank you, Judge. Good morning, and may it please the Court. My name is Emily Harrell, and I am here on behalf of Mr. Heyward. The issue before the Court today is whether Mr. Heyward can show a reasonable probability that he would not have pleaded guilty in this matter and would have gone to trial based on the rehafe error that is present in his case. As you well know from reading the briefs, Mr. Heyward was convicted of the 922G1 offense prior to the Supreme Court's decision in rehafe, and we were permitted to do supplemental briefing after rehafe and Greer to determine whether there is a possibility, reasonable probability, that he can establish based on the record in this matter that he would not have pleaded guilty and would have gone to trial. Ms. Harrell, can I ask you a question about remedy? Obviously, this makes a lot of assumptions about where we get, but I was struck by the last page of your supplemental brief, and it struck me as wrong, and I wanted to give you a chance to convince me. So the remedy you asked for is that we should vacate his conviction and dismiss the indictment. Isn't the proper remedy, if he prevails, withdrawal of the guilty plea, not dismissal of the indictment? Yes, Your Honor. I believe I was swinging for the fences on that one. Understood. And I will readily acknowledge that the proper remedy is to permit him to go back to the district court and withdraw his guilty plea. Well, is that the remedy, or is the remedy to vacate the guilty plea? The reason I say this is because, again, it's your client. You're his lawyer. It's his decision, but I want to make sure that he understands, as advised by you, that the remedy is not this charge goes away. The remedy is that your guilty plea goes away. Yes, Your Honor. And that means they can prosecute you. Yes, Your Honor. He's fully aware of that. Okay. He is fully aware of that. In this instance, as we have to be convinced he would have changed his mind. Is that what it is? I'm sorry? We have to be convinced he would have probably changed his mind on the plea? No. I think you have to look at the entire record to show whether there is a reasonable probability that he would not have pleaded guilty. I mean, he would have changed his mind. He wouldn't have entered into the guilty plea. Right. And I believe that there is – Was he represented by you all, the federal public defender in South Carolina, when he entered the guilty plea? Yes, sir, he was. He had good lawyers. And I think that there is – But you didn't – he had good lawyers, but you didn't know about this Raheef case. That's correct. So you couldn't have advised him about it? That's correct. And how many Raheef cases has the Fourth Circuit had since the Supreme Court came down with that? Quite a few. How many of them have he granted relief? None that I can find. So what does – what do you have to – or what does Mr. Hayward have to show here? I think he has to show, based on the record that existed – the entire record, I will submit that, that existed in the district court, that there is a reasonable probability that he would not have pleaded guilty and would have gone to trial. And I think there's evidence of that, that he did not know that he had been convicted of an offense for which – I'm sorry, his prior conviction was for an offense for which the penalty was greater than one year in prison. So where have you argued that here? I see there's a lot of argument about, well, Mr. Hayward didn't know he couldn't have a gun. But I'm not sure I've seen where you've argued that the standard we've established, or the Supreme Court has established, that he didn't know he'd been convicted of an offense that carried a penalty of greater than a year. Where do we find that? I think that's present in my original brief, although I will say, I will – Do you have a page that you can cite us to where we can find that particular argument? I mean, that is the gist of the case, wouldn't you agree? Yes, I would agree that. Your Honor, I would submit to you that the briefing itself is in my hotel room, and I apologize for that. But I will say that the standard is, as you correctly point out, that he has to establish that he did not know that he had been convicted of this offense for which the penalty qualified him. If it turns out that your argument has never embraced that particular point, which is the standard, then what happens? I think it's – I perhaps did not correctly emphasize my briefing in the original supplemental briefing, but in reply to the government's brief, I certainly have narrowed and focused my briefing to the correct issue, which is that he did not realize and did not know that he had been convicted of an offense for which the penalty, the potential penalty, was greater than one year in prison. Can I get – Are you saying that's in your supplemental brief somewhere? Yes, sir, that's in my – certainly in my reply brief to the government's position. Just a reply brief. Yes, sir. So just in terms of narrowing the issue, I want to make sure – so I want to give you a hypothetical, and I think I know the answer to this from your perspective, but I want to make sure that we agree. So say I conclude the following. The record – that the record contains evidence that he mistakenly believed that he was allowed to possess a gun because of how he understood the impact of his prior conviction, that he mistakenly believed that. Right. But that he did, in fact, know that the crime for which he had been convicted carried a maximum penalty of more than a year. Say he knew both of those things. Say the record was 100 percent clear. Right. That individual has not established a rehafer. Is that correct? That's correct, and I would actually agree with the government's briefing on that point, that under Moody, you know, it's not whether you knew – You couldn't have a gun. You couldn't have a gun. It's whether your knowledge goes to your – And that's because that would be essentially a mistake of law defense, right? The argument that you don't understand the implications of the fact that you had a conviction of something that was longer than a year, that would essentially be I misunderstood the law, and mistake of law is not a defense. Yes, Your Honor. I would very much agree with that. I think the record as it exists in the district court and was existed in the district court during the entire process of this matter readily establishes that he would not have entered a plea of guilty if he had been aware of the rehafer in his case. So am I correct in the district court, the transcript of apparently what they call in South Carolina a Duncan hearing was entered into the record? Yes, sir. So there's this question from the government or the state attorney in that case. You've been convicted of possession of cocaine which carries over a year, so federally you're now allowed to possess a gun, correct? I guess so. I guess so is my argument would be, Mr. Hayward's argument would be a very noncommittal, I guess so, I suppose. I don't think that that's adequate information for this court to determine whether he had the requisite knowledge under rehafe. Do you think he was able to dodge the question? No, sir. I think he was in the midst of a different sort of hearing where the question was not whether you had knowledge. He could have said no if he wanted to. He could have, but he was in the middle of a different kind of hearing. He equivocated and got away with it. He did. In fairness, he equivocated after repeatedly having denied that he hadn't been allowed to possess a firearm. Correct. And he repeatedly said, I've been convicted of a misdemeanor. I've been convicted and I'm not a felon. So I think that that evidence standing on its own is certainly insufficient to establish that he had the requisite knowledge that is required by rehafe. Do we have to delve into or think about what a reasonable criminal defense lawyer would advise him post-rehafe about pleading guilty? Post-rehafe, would a reasonable defense lawyer advise him to plead guilty? I don't think that's . . . Under what circumstances? I don't think that that's something that you need to get into. He's going to have to have a lawyer, and that lawyer is the expert on the criminal law. Well, that's correct, but it's . . . Most clients listen to their lawyer. That's correct, but . . . And they're entitled to get advice from their lawyer. And the client says, should I be pleading guilty to this thing? And you have to decide whether you say yes or no. And if you don't . . . and if you know all the facts that you know now, and whether he understood he had a felony conviction or not, or a conviction with a penalty of greater than a year or not, you'd have to give him advice on whether he should plead guilty or not. What would you do? Well, that's absolutely true, but . . . We have to think about that in trying to figure out his case out. What I . . . In this case, you've got a point maybe that your case is maybe different than these other cases that have come through here. Yes, sir. Maybe this is the unique case. But what would a reasonable . . . not only the reasonable probability of what he would do, but what's the reasonable probability of what the defense lawyer would do in these circumstances that's advising him . . . of what to do? Your Honor, I've never understood it to be what the reasonable defense lawyer would do in this situation. Well, I know. I'm not saying it's in the law books. I'm talking about, you know, what would . . . The client asks lawyers, what should I do? What should I do? Tell me what . . . Your Honor, based . . . Recommend to me what I should do. Based on the evidence that this is in this court, in the entire record, and I will say at this point I strenuously objected to the materials that the government brought into this case, into the supplemental briefing, strenuously objected to that material because it was not in the entire record in any form or not before the district court. A reasonable defense lawyer would say, well, let's look at the facts of what you actually knew as of the day . . . You tell him all that. You review all that with him. You counsel with him. Maybe you sit down with him for an hour or two. But at the bottom line, at the end, what do you tell him? He says, well, should I be pleading guilty or not? And you say it's your decision. Well, all right. But before I make that decision, I want your advice. I'm entitled to your advice. I know that much. You're my lawyer. I'm entitled to your advice. Lawyers give advice to their clients. What do you do? Do we take it? I advise him. I mean, Your Honor, I can't . . . You're saying you advise him to think about it. I say . . . I've had criminal defendants I represented too, and I always gave them advice on whether they should be going to trial or plead guilty, and they asked me. And sometimes we didn't agree, and sometimes they would act contrary to it. But it wasn't very often. Most of the time, they'd take my advice. Your Honor, based on my review of this record and what I believe to be the entire record in front of this court, aside from the material that the government tried to shovel into this case, my advice would be to go to trial. Could you clarify what material you mean by that? This is the material that they brought in in the supplemental joint appendix, which was never in front of the district court. Just so I'm as clear as I can possibly be, what specific material are you referring to? I'm referring to a policy by the South Carolina Department of Probation, Parole, and Pardon Services that was in effect when Mr. Hayward was on probation, a computer entry that showed he completed, quote-unquote, a cease-fire form, a blank form that was not in effect as of the day he was on probation, and an affidavit executed by his former probation officer the day the government's brief was due, indicating that she always advised clients as to the consequences of their conviction and that sort of thing. That affidavit was executed in December of 2021. It's not contemporaneous with any material. Was any of this before the district court? I'm sorry? Was any of this material before the district court? No, Your Honor. So the government wants to take it up on appeal? Yes, Your Honor. It's not in the record then. They're asking to supplement the record? Has the record been supplemented? There's a ruling provision, and maybe I should know all this before I got in here, but I didn't rule any of the rules of the appellate procedure provides for supplementing the record. Was that complied with? They moved to supplement the record, and over my objection, it was granted. It was granted, okay. And, Your Honor, these materials do not qualify as the type of materials that should be permitted. You think that ruling was wrong? Yes, I do. Okay. If I could have one other point to make here. Oh, sure. Oh, yeah. Counsel, I understood you to say you did not have your briefs with you. Yes, Your Honor. I've tried to look back through the supplemental reply brief that you had identified, and maybe I missed it, but I can't find anywhere where you have argued that Mr. Hayward did not know that he was convicted of an offense punishable by more than a year. And to me, that would seem like the most fundamental point in this case under Moody. Maybe I have inartfully presented it. I certainly would contend that he certainly did not know that he had been convicted of an offense for which the penalty was greater than one year in prison. He was convicted of a state misdemeanor offense. He received a one-year sentence suspended to six months probation. He never served any time in prison.  Thank you. Thank you, Your Honor. Judge Hayden, do you have anything else? I do not. Thank you very much, Ms. Harrell. Ms. Stratton? May it please the Court. I'm Katie Stoughton on behalf of the United States. Mr. Hayward has not shown that the Rahaf error in his plea colloquy affected his substantial rights because he has not shown a reasonable probability that had he known of the knowledge of status element, he would have gone to trial instead of pleading guilty. I would point the Court to three different parts of the record that support the government's contention that Mr. Hayward would not have proceeded to trial had he been aware of the knowledge of status element. First, both the Supreme Court in Greer and this Court in its decision in Hobbs indicated that it's substantial evidence that Mr. Hayward knew of his felon status, that he stipulated during his change of plea hearing that he had a prior felony conviction, and he did not challenge the PSR's finding that he had such a conviction. It's certainly not dispositive alone, but I do think that it gets us a good bit of the way there. Well, but that's going to be true in every case involving a forfeited Rahaf error, right? Because otherwise the district court shouldn't have accepted the plea. That's right. And I would point out, and these cases are not cited in the brief. I'm happy to file a 28-J letter on them. But the First, Second, and Fifth Circuits have all looked to state law to figure out whether the defendant would have or should have or probably would have been advised during the state court proceeding of the maximum penalty for the offense to which he pled guilty in state court. And here, South Carolina Supreme Court requires a defendant to be advised by the trial court of the maximum and any mandatory minimum penalty. Mr. Hayward didn't challenge his state court conviction as his plea being not knowing and voluntary. And, again, he stipulated to it in federal court. So under these decisions, Burghardt, Bryant, and Huntsbury, which, again, I'm happy to file a 28-J. And you've acknowledged that it's not dispositive. But, I mean, the Supreme Court in Greer expressly contemplates that some number of people who pleaded guilty in violation of Rahaf could get relief on a forfeited error. So it can't be controlling, right? Absolutely. Okay. So what are the other two? Okay. So, second, I would point to what Judge Agee was quoting from earlier, which is Mr. Hayward's testimony during the Duncan hearing when he was asked whether he had been convicted of a crime that carries over a year. He started with, I guess so, but he continued and said, it says on my gun act I pleaded to a misdemeanor and I cannot possess ammunition. But it didn't say I can't own a firearm. The gun act form is a reference to the Project Ceasefire form, which informs offenders of the terms of the Gun Control Act of 1968, which, of course, implemented 922G. I mean, it's just facially not credible for Mr. Hayward. So telling you couldn't possess a gun is not the test. That's correct, Your Honor. It's whether he knew that he had been convicted of a crime punishable by more than a year in prison. So if, indeed, Mr. Hayward has not argued that he did not know that he was convicted of an offense punishable by more than a year incarceration, has he waived his rehave argument? Well, I read his brief to argue that he did not know he couldn't possess a firearm, which is not the relevant inquiry under it. I'm looking at page 8 of his supplemental brief, and it's literally quoting Greer. It said, Mr. Hayward must make a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon. That language is on page 8 of his supplemental brief. Why isn't that enough? Well, because he didn't make an argument that he would have presented evidence that he didn't know that he had been convicted of a crime punishable by more than a year. Instead, he made an argument that he didn't know that he wasn't allowed to possess a firearm. So all of the evidence cited to in the brief is that— Wait. Hold on. No, because the very next sentence in that brief is the evidence in the whole record establishes that Mr. Hayward can meet the third prong of the plain error test, which literally just was the reference to Greer. I don't understand how that's not sufficient to preserve the argument. So I am not arguing that he's waived his claim. I was attempting to respond to Judge Agee's question. But we are comfortable that we can win on the merits here, and that's the argument that we've made in our response. The governor's not arguing waiver. That's right. We've settled that. That's right. So, again, I think it is in some ways the case that Rahave contemplated, right? Mr. Hayward did not serve any prison time, and his state offense is classified as a misdemeanor under South Carolina law. But I think what makes the difference here is that he admitted that he had received a gun act form informing him that under 922G, because he had been convicted of a crime punishable by one year. What are you talking about the gun act form? Are they talking about that form 273 or something like that? What is that? What form number? So this is, I think, a 13. Let's see. I've got it right here. It's 1386. Form 1386. Yes. And it is. It's a form of the ATF? No. This is a form from the South Carolina Department of Probation, Parole, and Pardon Services. A state form. Yes. Okay. That was given to him following his state conviction for possession of cocaine when he started his probationary sentence to inform him that under the law he was a prohibited person at that point. Can I just ask, have you gotten to your third? I know you said you had three, and I wanted to make sure. Sure. So the third, and I will admit that this is post-plea evidence, so it's not evidence we would have used at the time of the guilty plea, but I think it corroborates that Mr. Hayward did know of his felon status. In August of 2018, before the sentencing, he wrote a letter to the district court acknowledging that he was a prohibited person. So I think based on those three pieces of it ---- Are any of those encompassed within the things that Mr. Hayward's counsel has objected are not part of the record, or are those things that we all agree are part of the record? So these things are all part of the record. In terms of what the ----  I can ask your friend on the other side during her rebuttal, but I just want to know are those three things you cited things that were disputing whether they're properly part of the record or not things were disputed? Those are all part of the record before the district court, so I don't think any of those are disputed. What we moved to supplement the record with and what the court granted our motion to supplement the record with was just simply to provide context for the court about what the gun act form is referencing and what that means in the state court. What's your best authority for the proposition? I mean, I understand that the court says in Greer and it said in other plein air contexts that we have to consider the whole record. I guess I would say that until today I would have always thought that the whole record means the whole record before the district court, not some other stuff that the government shoves into a supplemental joint appendix on appeal. Sure, and I think ---- The record on appeal is what was in the district court, but there's a specific provision under Rule 10e that could let you supplement the record under special circumstances, and we apparently approved it. I don't think I was on that panel if we approved that because I don't ever recall voting to do anything. But I guess we could strike it once it's here and say it's not. Potentially in ---- Because particularly what bothers me if it's recited right, part of it may be subject to judicial notice, which means you don't have to get it into the record supplementally under Rule 10e. Part of it, like an affidavit, is really something serious that shouldn't be coming in. It should have been in the district court, and the district court should have a shot at it. We should be reviewing what the district court decided the case on, not on something that you come in with a later affidavit to explain something. That's a bunch of crap. As a traditional matter, I completely agree, Your Honor. I will note this was a big topic of questioning during the oral argument before the Supreme Court in Greer. Several of the justices had questions for the government about what happens when no record was created in the district court about the knowledge of status because no one was aware of the element, and then you get up on appeal and all of a sudden the dispositive question ---- But the record needs to be created in the district court. Judge Norton had a record, and he was entitled to rule on what was presented to him and not have us review his ruling based on something else that you all come in with and cough up. That's right, Your Honor. But again, so in Greer, the government argued that there may be cases, and Greer, the opinion acknowledges, there may be cases where a defendant wants to make a showing on appeal that he didn't know of his knowledge of status, and the government in several cases has not objected to the defendant moving to supplement the record with things that were not before the district court in order to attempt to make that showing on appeal. But nothing in ---- I mean, I guess I didn't reread Greer this morning, but nothing in Greer says that the government can shove in new evidence on appeal that wasn't before the district court as part of the whole record review. Is there anything in Greer that says the government is allowed to do that? Absolutely. No, it's just a citation to Rule 10e for the proposition that a defendant could make the showing. A defendant. Right. But I will say that Mr. Hayward is asking this court to do what Mr. Greer asked the Supreme Court to do, which is to assume that Mr. Hayward challenged the knowledge of status element in the district court and that the government would not have then introduced evidence to show that he did have knowledge of his status, and the opinion in Greer calls that, quote, not a realistic scenario. And that's where we are here. I mean, again, I think that we've been ---- Well, but sure. Because this wrapped me around the axle a little bit when I was thinking about this case too, right? I mean, the typical rehafe or, I don't know, the prototypical rehafe error to me is the one where we go to trial and the defendant is found guilty. And then we have this problem because now we all agree the jury should have been asked to find X, but the jury wasn't asked to find X and, like, literally no one presented any evidence about X at all. But that's not the question here, right? I mean, so your response is, well, if he tried to argue he doesn't know he's got this conviction, the government could come back and present evidence, but you don't get to make him plead guilty, right? Like, the fact that you have ---- There are defendants every day who refuse to plead guilty despite what the government thinks is overwhelming evidence that they did it, right? That's right. But just to reiterate, I mean, I pointed the court at the beginning of the argument to three pieces of the record that the government believes established that Mr. Hayward would not have gone to trial had he known of the knowledge of status element. And this contested evidence that came in under Rule 10e is not part of that. I mean, what we supplemented the record with was just to give the court context of what it meant when Mr. Hayward said that he had received a gun act form. Go back over those three pieces. Okay, sure. So the first is his stipulation at the change of plea hearing that he had a prior state felony. A stipulation? This is the Rule 10e stuff? No, Your Honor. I'm talking about during the change of plea hearing in the district court. All right. When the district court asked him whether he agreed that he had been convicted of a felony. So this is where the district court asked him, do you agree with the prosecutor's summary that you were convicted of a felony? And then he says, I want to talk to my lawyer, and then he answers yes. Yes, Your Honor. And then the PSR also included that he had been convicted of an offense punishable by more than a year in South Carolina State Court, and he did not object to that finding or that conclusion in the PSR. So to reiterate, not dispositive, but under both Greer and this court's decision in Hobbs, substantial evidence that he did know he had been convicted of a crime punishable by more than a year. And then second would be Mr. Hayward's testimony during the Duncan hearing about having the gun act form. And then third, the post-plea letter, which I think corroborates the fact that he knew that he was a prohibited person. If the court has no further questions on the Rahafe error, I would like to briefly address the issue of the second-degree murder cross-examination. Look, I was a government lawyer for both the federal and state government before. But I'm struck with the fact that the Supreme Court in Greer to me pretty clearly says some defendants are going to get relief on forfeited Rahafe errors. And this strikes me as about – certainly I'll say this. It strikes me as the strongest claim I have seen for giving a defendant relief on a forfeited Rahafe error. And so I have the suspicion that the government's real answer is that no defendant is ever going to get relief on a forfeited Rahafe error. Could you give me an example of a defendant the government thinks would be entitled to relief on a forfeited Rahafe error? Sure. And if I could just back up for a second before I get to cases. I think it's important to remember that Rahafe applies to all of 922G and not just to the felon in possession provision. So there are several parts of 922G where the question of the defendant's knowledge of his status has both a factual and a legal component. So, for example, whether the defendant was unlawfully in the United States. It's not just the fact of whether he knew he was in the United States. It's whether he also understood his immigration status. Same thing with being an unlawful user of a controlled substance. It's not just did you know that you'd use drugs. It's that did you know that that was considered a routine use of drugs that was contemporaneous with your possession of the firearm. But the prototypical Rahafe cases, including Rahafe and Greer, involve felons in possession. So what which of those defendants does the government think would ever get relief? So there are a couple where circuit courts have granted relief. No, I'm not asking what circuit courts have held. I'm asking what the federal government thinks. Well, I think, for example, I'm going to cite to the case, but like the defendant in Davies who had pleaded guilty in state court but had not been sentenced and then possessed the firearm, so post-state plea but pre-state sentencing, I think he has a very reasonable argument that he did not understand he had actually been convicted in state court just by virtue of pleading guilty to those felony offenses before he had actually been sentenced. There's another case from the First Circuit where the defendant's only prior felony offense came when he was a juvenile. He had not served any prison time on that. He had a one-year term of imprisonment suspended on the service of probation. He had diagnosed learning disabilities and had dropped out of school after failing the seventh grade twice. So a much stronger case than what Mr. Hayward has here. So I do think there are circumstances. Does the government concede error there? I don't believe the government conceded error. Has the government ever conceded a re-heap error to your knowledge? Our office has not. I don't know. I'll ask that question. Your office has not? We have not. Has any office in the Fourth Circuit ever conceded one? I'm not sure, Your Honor. Has the Department of Justice ever proved conceding one? Could you concede a re-heap error without going through the Attorney General's office? We could. You could? Yes. You could do it in Columbia? Yes. The U.S. Attorney in Columbia would have authority to do it? Yes, and we have not. But I will also say almost every one of these comes across my desk, and I can't recall seeing another where the defendant had not served any prison time. So you could get inconsistencies all over the country when the hell is handled? That was used to try to get the Solicitor General to control that kind of thing so there would be more equal justice around the country. Well, the Department has, of course, guidance on how to apply re-heap, but, no, we don't have to get permission from the Solicitor General to concede an error in any appeal. If I could just briefly address the murder cross-reference issue. The district court did not clearly err in applying the second-degree murder cross-reference. It reasonably concluded that both elements of second-degree murder were met. Mr. Hayward engaged in an unlawful killing, and he did so with malice aforethought. The district court found that he shot multiple times at the headlight of a car in the driveway. His behavior was reckless and wanton, and it was a gross deviation from a reasonable standard of care. Mr. Hayward argues on appeal that his fear that he was being robbed negated that malice, but the district court found that his story about being robbed just simply was not credible. That was not clear error on the record before the court. If the court doesn't have any questions on the second-degree murder cross-reference issue, I'm happy to rest on my boots. You briefed it. Yes, Your Honor. Yes, ma'am. Thank you. Thank you. Ms. Harrell? Ms. Harrell, I suspect you're going to jump back to the rehafe, but just given the way we ended the previous argument, are you still maintaining the cross-reference argument? I know we didn't talk about it during your initial argument, so I just want to get an answer. I would simply rest on the briefing on that, Your Honor. But you're not withdrawing it? No, sir. Okay. Thank you. The four pieces of evidence that the government points to as establishing that Mr. Hayward cannot show a reasonable probability of a different outcome in this matter, the statement by Mr. Hayward at his guilty plea hearing in front of the district court says nothing about what he knew on the day he possessed the firearm in 2014. The information in the pre-sentence report is the same. It says a review of Mr. Hayward's criminal background indicates he has a felony conviction. It does not say, and oh, by the way, he knew he had a felony conviction. The Duncan hearing testimony, again, I believe the equivocation is sufficient enough to establish that he did not know that he was a felon. And his letter to the district court, again, is simply a recitation . . . Well, if you look at the Duncan hearing to say, I knew I was a felon, even though he said that in the district court, the language was specifically what's referred to in Moody, does it carry over a year, so federally you're not allowed to possess a gun? And he said, I guess so. He didn't say no. That's correct. But he did say, I guess so. Wouldn't that be covered by your response to the first and second, though, as well, to say, I guess so, I guess I know that today? Maybe I guess I know that today, but I didn't know that . . . I guess I know. And, again, the letter to the district court after his conviction and before sentencing is simply a recitation of the historical facts that he had come to know. He had been told by the U.S. attorney at the guilty plea, and oh, by the way, Your Honor, he has a felony conviction. He had been . . . the district court had asked him to acknowledge it. It was in his pre-sentence report. None of those sources say, and oh, by the way, he knew he had a disqualifying conviction under G-1. Can I just confirm something that I asked your colleague on the other side? These four sources that we're talking about now, these are not implicating the supplemental joint appendix issue. These are things that were clearly before the district court? That's correct. The only thing that potentially implicates the materials that are in the supplemental joint appendix is when they talk in the Duncan hearing about him having a gun act form. So his statement, I had a gun act form, that was before the district court, but any evidence about what that does or doesn't mean? About what that form showed or anything else was not before the district court. And I will, again, emphasize that Rule 10E about supplementing the record talks about materials that were mistakenly omitted or there was some factual inaccuracy about materials that should have been included in the district, in the appellate record. And so, again, I have strenuously objected to these materials based on the rules and based on the fact that these materials were not before the district court in this case as part of the entire record. Thank you, Your Honor. Thank you, Ms. Harrell. We're unable to come down and greet counsel under the protocol rules, so we'll have to defer that to the next case. And we'll take this case under advisement. And, Madam Clerk, we'll adjourn court until 2 o'clock this afternoon, I think. This honorable court stands adjourned until this afternoon. God save the United States and this honorable court.
judges: Robert B. King, G. Steven Agee, Toby J. Heytens